## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHEW EARLE PROVENSAL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER:** |
| **MICHAEL JOHN GASPARD AND H20 HAIR, INC. d/b/a** | **SECTION:** |
| **H20 SPA AND SALON** | |

## COMPLAINT

Matthew Earle Provensal, an individual of the full age of majority and domiciled in St. Tammany Parish, Louisiana, respectfully represents that:

### I.  NATURE OF ACTION

**1.**

The lawsuit is filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. and the jurisprudence thereunder.   Title VII protects against discrimination in the workplace on account of religion and sex, among other protected classes.

**2.**

Defendants are guilty of *quid pro quo* harassment in that their conduct was directly linked to the grant or denial of economic benefit to Plaintiff.  Defendant, Michael John Gaspard, pressured Plaintiff for sexual favors and implied that failure to engage in these sexual acts would be made a condition of Plaintiff's employment, i.e., whether he would be promoted, demoted, paid more or less.

**3.**

Defendants are also guilty of creating a "hostile environment" as the purpose and effect of the verbal insults was to unreasonably interfere with the employee's work performance and create an intimidating, hostile and offensive working environment.

**4.**

Defendants have violated the provisions of Louisiana state law by failing to provide a workplace free of discrimination, for slander, defamation, intentional infliction of emotional distress, and all other applicable state laws.

**5.**

Defendant, Michael John Gaspard, on several occasions asked Plaintiff to be his "personal" masseuse and in doing so intentionally did several acts and advances of a sexual nature toward Plaintiff. When Plaintiff resisted Gaspard's sexual advances, he was demoted from head therapist to a regular staff therapist and given undesirable hours when he was not likely to make as much money as a punishment for not engaging in sexual activities with Gaspard.

**6.**

Certain acts and contact of Defendant, Michael John Gaspard, were committed willfully and with reckless disregard for Plaintiff's rights.

**7.**

As a direct and proximate result of the acts of Defendant, Michael John Gaspard, complained of herein, Plaintiff has suffered emotional distress, mental anguish, loss of civil rights and loss of income.  Additionally, he is entitled to punitive damages.

**8.**

All of the above acts and conduct of Defendants constitute violations of Plaintiff's rights to be free from discrimination of Title VII 42 U.S.C. 2000e and constitute violations of state law.

## II.  JURISDICTION AND VENUE

**9.**

This court has jurisdiction over the claims and the parties pursuant to federal question jurisdiction over Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. and special jurisdiction over Louisiana Law claims.  All claims complained against herein occurred in Metairie, Louisiana and the parties are domiciled and/or doing business in Metairie, Louisiana.

## III.  PARTIES

**10.**

Plaintiff, Matthew Earle Provensal, is an individual of the full age of majority and domiciled in St. Tammany Parish, Louisiana.

**11.**

Defendant, Michael John Gaspard, is an individual of the full age of majority and domiciled in Jefferson Parish at 441 Metairie Road, Metairie, Louisiana.

**12.**

Defendant, H20 Hair, Inc. d/b/a H20 Spa and Salon, is a Louisiana business corporation, authorized to and doing business in the State of Louisiana and the Eastern District of Louisiana.

### IV. JURY DEMAND

**13.**

Plaintiff asks for trial by jury on all matters to which he is entitled by law.

### V. PRAYER

**WHEREFORE**, Plaintiff, Matthew Earle Provensal, demands a judgment against Defendants, Michael John Gaspard and H20 Hair, Inc. d/b/a H20 Spa and Salon, for:

A.   ONE MILLION AND NO/100 ($1,000,000.00) DOLLARS, for compensatory damages for Plaintiff's emotional distress and economic losses, physical injuries, loss of civil rights;

B.   Punitive and exemplary damages under statutory authority and under common law of the outrageous conduct of Defendants in an amount that shall be determined according to the wealth of each Defendant;

  C. Legal interest from date of injury, together with all costs and disbursements of this action; and

  D. Attorney's fees and costs of suit and for all legal and equitable relief as this Court finds appropriate.

           Respectfully submitted:

           _/s/ C. Arlen Braud, II_
           C. ARLEN BRAUD, II, #20719
           MICHELLE O. GALLAGHER, #23886
           Braud & Gallagher, L.L.C.
           506 Water Street, Suite A
           Madisonville, LA 70447
           Telephone:  (985) 845-0372
           Facsimile:   (985) 845-9908

**SERVICE BY WAIVER OF**
**SERVICE IN ACCORDANCE**
**WITH FRCP RULE 4(d)**