UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHEW EARLE PROVENSAL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-4276-SS** |
| **MICHAEL JOHN GASPARD, et al** | |

### ORDER

H20'S MOTION TO DISMISS (Rec. doc. 3)

**GRANTED IN PART AND DENIED IN PART**

GASPARD'S MOTION TO DISMISS (Rec. doc. 4)

**GRANTED IN PART AND DENIED IN PART**

On November 9, 2010, the plaintiff, Matthew Earle Provensal ("Provensal"), filed a complaint against Michael John Gaspard ("Gaspard") and H20 Hair, Inc. d/b/a H20 Spa and Salon ("H20"). On February 23, 2011, H20 filed a motion to dismiss for failure to state a claim and/or for a more definite statement. Rec. doc. 3. The next day, Gaspard filed a similar motion. Rec. doc. 4. On March 22, 2011, Provensal filed a joint opposition to the two motions. Rec. doc. 7. Gaspard filed an amended complaint on March 24, 2011. Rec. doc. 9. The defendants filed reply memoranda. Rec. docs. 22 and 24. The parties consented to proceed before the assigned Magistrate Judge. Rec. doc. 20.

MOTION TO DISMISS UNDER RULE 12(b)(6)

The defendants contend that Provensal's original complaint fails to state a claim under the standards found in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-55, 127 S.Ct. 1955 (2007), and Ashcroft v. Iqbal, 556 U.S. ____, 129 S.Ct. 1937, 1949-50 (2009). Gaspard contends that his

original complaint and amended complaint satisfy the requirements of notice pleading under Fed. R. Civ. P. 8.  In <u>Gonzalez v. Kay</u>, 577 F.3d 600 (5th Cir. 2009), the Fifth Circuit described what was required to survive a motion to dismiss under <u>Twombly</u> and <u>Iqbal</u>:

> Factual allegations must be enough to raise a right to relief above the speculative level.  The Supreme Court recently expounded upon the *Twombly* standard, explaining that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  It follows that where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief.

577 F.3d at 603 (citations, quotation marks and brackets omitted); <u>Rhodes v. Prince</u>, 360 Fed.Appx. 555, 2010 WL 114203, *2 (5th Cir. 2010); and <u>Fleming v. Garda Security</u>, 2010 WL 5207585, *3 (E.D.La.) (Barbier, J.) ("[t]he Court is not . . . bound to accept as true legal conclusions couched as factual allegations").

Provensal did not obtain leave of Court or written consent of opposing counsel before filing his amended complaint as required by Fed. R. Civ. P. 15(a).  Nevertheless, the Court will consider the complaint as amended.

<u>GASPARD'S MOTION TO DISMISS</u>

Provensal seeks relief under Title VII, 42 U.S.C. 2000e, Louisiana Civil Code Articles 2315, 2316, 2317 and 2320, and La. Rev. Stat. Ann. §23:302 and §51:2231.  Gaspard contends that Provensal does not allege that he was Provensal's employer.  "Title VII does not provide a cause of action against individual employees.  Similarly, there is no individual liability under Louisiana Revised Statutes §23:302 and §51:2231."  <u>Harris v. H20 Spa and Salon</u>, 2007 WL 2571937, 3 (E.D.La.) (Berrigan, J.).  This issue was resolved in Gaspard's favor in <u>Harris</u>.  Provensal has not

2

presented any allegations which would produce a different result. Provensal alleges that Gaspard is the owner of the business. This does not alter the fact that the employer was H20. The Title VII claim and state law employment claims against Gaspard in his individual capacity are dismissed.

Gaspard contends that Provensal's allegations are insufficient to support a claim of intentional infliction of emotional distress. This issue was raised in <u>Harris</u>. Judge Berrigan stated:

> To succeed on this claim, Harris must show: (1) that the alleged conduct was extreme and outrageous; (2) that the alleged emotional distress suffered by him was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. In order to show that the defendants' conduct was extreme or outrageous, the plaintiff must show that the defendants' conduct was outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, to be regarded as atrocious, and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions or other trivialities. Persons must necessarily be expected to be hardened to a certain amount of rough language and occasional acts that are definitely inconsiderate and unkind. However, a pattern of severe, repeated harassment over time may result in liability for intentional infliction of emotional distress. Conduct which, viewed as an isolated incident, would not be outrageous or would not be likely to cause serious damage, can become such when repeated over a period of time. Activity in the Louisiana workplace can give rise to a cause of action for intentional infliction of emotional distress, however, the cause of action is limited to cases which involve a pattern of deliberate, repeated harassment over a period of time.

2007 WL 2571937, *4 (citations and quotation marks omitted).

In the amended complaint, Provensal alleges that: (1) his term of employment was from May 14, 2009 through September 15, 2009; (2) during this four-month period he gave Gaspard numerous professional massages; and (3) many of them resulted in unwanted sexual advances from Gaspard. Rec. doc. 9 at 2-3. The allegations describe a four-month period with a pattern of deliberate, repeated harassment. The claim of intentional infliction of emotional distress has facial plausibility as Provensal has pled factual content that permits the reasonable inference that H20 is liable for the misconduct alleged. Gaspard's motion to dismiss the claim of intentional infliction of emotional

distress is denied.

Gaspard seeks the dismissal of Provensal's claims of slander and defamation. Provensal concedes that they should be dismissed. Rec. doc. 7 at 10 and 11.

### H20'S MOTION TO DISMISS

H20 contends that Provensal's claims for religious discrimination, slander, defamation, and intentional infliction of emotional distress should be dismissed. Provensal concedes that the defamation and slander claims should be dismissed. He concedes he is not making a claim of religious discrimination. The allegations in the amended complaint are sufficient to support a claim of intentional infliction of emotional distress.

Provensal contends that his allegations of *quid pro quo* sex harassment are sufficient. In a case of alleged same-sex harassment, the plaintiff must establish that the harasser's conduct constitutes sex discrimination. If so, the next step is for the plaintiff to demonstrate that the challenged conduct meets the applicable standards for either a *quid pro quo* or hostile environment claim. La Day v. Catalyst Technology, Inc., 302 F.3d 474 (5th Cir. 2002). In Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 118 S.Ct. 998 (1998), the Supreme Court outlined three ways for a plaintiff to demonstrate that an incident of same-sex harassment constitutes sex discrimination: (1) That the alleged harasser made explicit or implicit proposals of sexual activity and provide credible evidence the harasser was homosexual; (2) That the harasser was motivated by general hostility to the presence of members of the same sex in the workplace; and (3) Provide direct, comparative evidence of how the alleged harasser treated members of both sexes in a mixed-sex work place. Id. at 80; and 302 F.3d at 478. Provensal's allegations are sufficient to demonstrate Gaspard's sexual interest in him, but Provensal does not explicitly allege that Gaspard was a

homosexual.[1]  For *quid pro quo*, the plaintiff must allege that he suffered a tangible employment action that resulted from his acceptance or rejection of his supervisor's alleged sexual harassment. 302 F.3d at 481.  Provensal alleges that he was demoted from head therapist to regular staff therapist.  A significant change in employment status is a tangible employment action.  Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257 (1998).  Provensal's amended complaint contains sufficient factual matter to state a claim of *quid pro quo* sex harassment which is plausible on its face.

    IT IS ORDERED that:

1. Gaspard's motion to dismiss for failure to state a claim (Rec. doc. 4) is GRANTED in PART and DENIED in PART; it is GRANTED as to Provensal's claims against Gaspard for slander and defamation and relief under Title VII and La R.S. §23:302 and §51:2231; and it is DENIED as to Provensal's claim for intentional infliction of emotional distress.

2. H20's motion to dismiss for failure to state a claim (Rec. doc. 3) is GRANTED in PART and DENIED in PART; it is GRANTED as to Provensal's claims against H20 for slander, defamation and religious discrimination; and it is DENIED as to Provensal's claim against H20 for *quid pro quo* sex harassment and intentional infliction of emotional distress.

New Orleans, Louisiana, this 23rd day of May, 2011.

            **SALLY SHUSHAN**
            United States Magistrate Judge

---

[1] In Harris, Gaspard is described as married to Holli Gaspard.  2007 WL 2571937, *1.