UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHEW EARLE PROVENSAL                                    CIVIL ACTION

VERSUS                                                     NO. 10-4276-SS

MICHAEL JOHN GASPARD, ET AL.

**ORDER AND REASONS**

Plaintiff, Matthew Earle Provensal, filed this civil action against Michael John Gaspard and Hair H2O, Inc. d/b/a H2O Spa and Salon (hereinafter "H2O"). Plaintiff sought relief under Title VII, 42 U.S.C. § 2000e, Louisiana Civil Code articles 2315, 2316, 2317, and 2320, and La. Rev. Stat. Ann. §§ 23:302 and 51:2231. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

On May 23, 2011, the Court dismissed plaintiff's claims against Gaspard for slander and defamation and for relief under Title VII and La. Rev. Stat. Ann. §§ 23:302 and 51:2231. The Court also dismissed plaintiff's claims against H2O for slander, defamation, and religious discrimination.[2]

The defendants then filed motions for summary judgment with respect to plaintiff's remaining claims. In ruling on those motions on February 14, 2012, the Court dismissed all of the remaining claims save one. Plaintiff's claims against both Gaspard and H2O for the intentional

---

[1]   Rec. Doc. 20.

[2]   Rec. Doc. 26; Provensal v. Gaspard, Civ. Action No. 10-4276, 2011 WL 2004416 (E.D. La. May 23, 2011).

infliction of emotional distress were dismissed as prescribed, and plaintiff's claims against H2O under Title VII, 42 U.S.C. § 2000e, were dismissed as barred by the Faragher/Ellerth defense. However, plaintiff's claims against H2O under La. Rev. Stat. Ann. §§ 23:302 and 51:2231 were held in abeyance pending further briefing on the issue of whether H2O was invoking the Faragher/Ellerth defense with respect to those claims.[3]

Plaintiff has now filed a motion for reconsideration, arguing that the Title VII claims against H2O were wrongly dismissed.[4]  In addition, H2O has supplemented its motion for summary judgment to clarify that it is in fact invoking the Faragher/Ellerth defense with respect to the state-law employment claims.[5]

I.  Motion for Reconsideration

As noted, plaintiff has filed a "Motion for Reconsideration" of the Court's ruling of February 14, 2012.  H2O has opposed that motion, and plaintiff has filed a memorandum in response to that opposition.

The Federal Rules of Civil Procedure do not mention "motions for reconsideration," and courts are often left to struggle with how such motions are to be considered.  Plaintiff avoided this issue entirely by simply citing no legal authority whatsoever in his original motion.  The defendant likewise skirted the issue, but offered citations to cases addressing Rule 59(e).  In his memorandum

---

[3]   Rec. Doc. 72.

[4]   Rec. Doc. 74.

[5]   Rec. Doc. 77.

in reply to that opposition, plaintiff then took the defendant's lead and argued that Rule 59(e) was indeed applicable.

The Court disagrees. No final judgment had been issued in this case, and the ruling which plaintiff requests the Court to reconsider is simply a nonfinal order. "Rule 59(e) motions are motions to alter or amend a *judgment*, not any nonfinal order." Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). Some courts therefore treat motions to reconsider nonfinal orders as having been filed under Rule 60(b). Id.; see also Goffney v. Sauceda, 444 Fed. App'x 69 (5th Cir. 2011). However, other courts, finding that neither Rule 59(e) or Rule 60(b) is technically applicable, have concluded that such motions should simply be considered under a court's inherent authority to revisit its rulings under Rule 54(b). See, e.g., Waste Management of Louisiana, LLC v. River Birch, Inc., Civ. Action No. 11-2405, 2012 WL 876717 (E.D. La. Mar. 14, 2012); Livingston Downs Racing Association, Inc. v. Jefferson Downs Corporation, 259 F. Supp. 2d 471, 474-75 (M.D. La. 2002). Nevertheless, regardless of which federal rule technically applies, plaintiff is not entitled to the relief he seeks for the following reasons.

The central dispute here is whether plaintiff suffered a "tangible employment action" so as to make the Faragher/Ellerth defense inapplicable. In its motion for summary judgment, H2O argued that there was no "tangible employment action" taken against plaintiff. This Court agreed, noting that "[a] tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761 (1998). In reaching its conclusion, the Court noted numerous the facts which belie

3

plaintiff's contention that he suffered a "tangible employment action": plaintiff was not fired; he was "at the top of the totem pole" with respect to commissions when he voluntarily resigned; he was a full-time employee and his work hours were never decreased; 80% of his time was spent working at H2O's more profitable location; he never asked that his time at the less profitable location be reduced or eliminated; he was not reassigned to different responsibilities; and his benefits were not decreased.

Plaintiff's "evidence" to the contrary was, and continues to be, that he was purportedly demoted from the position of "lead therapist." However, as the Court noted in ruling on the motion for summary judgment, there is simply no colorable evidence that he was ever named to that position, much less demoted from it. In his motion for reconsideration, plaintiff urges that the Court revisit that holding, pointing to evidence which he alleges indicates that he was in fact "lead therapist" at one time. The Court remains unpersuaded.

In his motion for reconsideration, plaintiff points to deposition testimony of Heather Mahoney and Angel Michael in which they stated that they were under the impression that plaintiff was "lead therapist." However, plaintiff admitted in *his* deposition that he was *never* told that he was "lead therapist,"[6] he was *never* present during *any* conversation in which Gaspard stated to anyone that plaintiff had in fact been named lead therapist,[7] and he *never* saw *any* memo or other

---

[6] Rec. Doc. 47-4, p. 9 ("Michael John did at one point *basically* tell his wife and Heather that he *was going to* name me lead therapist. He did tell the other managers that, too. *I will not say that he ever told me, okay, you are the lead therapist now*.") (emphasis added).

[7] Rec. Doc. 47-4, p. 11.

4

document which indicated that he had been named lead therapist.[8] For plaintiff to now suggest that he is entitled to go to trial simply because Mahoney and Michael were under the (obviously mistaken) impression that he had been promoted to "lead therapist" at some unknown point during his tenure when plaintiff himself readily admitted under oath that even he was never notified of his supposed elevation is patently ridiculous. Simply put: in light of the record as a whole, plaintiff's "evidence" on this issue is insufficient for a rational trier of fact to find in his favor. Therefore, there was no genuine issue for trial and summary judgment was appropriate. See Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Even more to the point, the Court notes that plaintiff was heard on this issue prior to the Court's ruling, and his argument was rejected. Therefore, his motion for reconsideration is improper, in that such motions are not to be used to re-urge matters that have already been advanced or to rehash old arguments. See Helena Laboratories Corp. v. Alpha Scientific Corp., 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007), aff'd, 274 Fed. App'x 900 (5th Cir. 2008); see also Waste Management of Louisiana, LLC v. River Birch, Inc., Civ. Action No. 11-2405, 2012 WL 876717, at *2 (E.D. La. Mar. 14, 2012) ("When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."). If plaintiff disagreed with the Court's ruling, his proper recourse is an appeal, not a motion for reconsideration. Accordingly, plaintiff's motion for reconsideration is denied.

---

[8] Rec. Doc. 47-4, p. 11.

II.  Motion for Summary Judgment

As noted, plaintiff's claims against H2O under La. Rev. Stat. Ann. §§ 23:302 and 51:2231 were held in abeyance pending further briefing on the issue of whether H2O was invoking the Faragher/Ellerth defense with respect to those claims.  H2O has now supplemented its motion for summary judgment to clarify that it is in fact invoking the Faragher/Ellerth defense with respect to the state-law employment claims.  Plaintiff has filed an opposition to the dismissal of those claims on that basis, and H2O has filed a memorandum in reply to that opposition.

In its original ruling,[9] the Court set forth in detail the standards for summary judgment and thus need not repeat those standards herein.  Instead, the Court will simply proceed directly to the issue of whether the Faragher/Ellerth defense bars plaintiff's state employment claims under La. Rev. Stat. Ann. §§ 23:302 and 51:2231.

As the Court noted in its original ruling, although there is scant jurisprudence addressing the applicability of the Faragher/Ellerth defense to state-law employment claims, the jurisprudence which does exist indicates that the defense is in fact available.[10]  Faced with that jurisprudence,

---

[9]  Rec. Doc. 72.

[10]  For example, United States District Judge Rebecca F. Doherty held:

[T]his Court has conducted its own research, and it is clear from an examination of Louisiana jurisprudence, both state and federal, that the Faragher/Ellerth defense has been routinely applied by district courts to claims arising under the Louisiana Employment Discrimination Law, and this Court agrees with that application. Otwell v. Aaron Rents, Inc., 2007 WL 433078, *3 (W.D. La. 2007) (MJ Hayes), citing 2006 WL 2513918 at *12 (granting summary judgment on plaintiff's hostile work environment claim due in part to the fact that the defendant established that it was entitled to the Faragher/Ellerth affirmative defense); Mayo v. Research Analysis & Maintenance, Inc., 2006 WL 2113186, *4 (W.D. La. 2006) (J. Drell) (applying

6

plaintiff now concedes that the Faragher/Ellerth defense is applicable to claims brought under La. Rev. Stat. Ann. §§ 23:302 and 51:2231.[11]

Plaintiff does not, of course, further concede that the Faragher/Ellerth defense is applicable at all in this case.  On the contrary, as noted, he vociferously argues that he suffered a "tangible employment action" which negates the Faragher/Ellerth defense.  However, again, that argument fails because, for the reasons previously explained, it is clear that he suffered no "tangible employment action."

In light of plaintiff's concession that the Faragher/Ellerth defense is applicable to claims brought under La. Rev. Stat. Ann. §§ 23:302 and 51:2231, and in light of the Court's detailed analysis in its prior opinion explaining why the requirements of the Faragher/Ellerth defense have been met in this case,[12] the Court hereby grants H2O's motion for summary judgment with respect to plaintiff's state-law employment claims.

Accordingly, for all of these reasons,

**IT IS ORDERED** that plaintiff's motion for reconsideration is **DENIED**.

---

Faragher/Ellerth defense to sexual harassment claims made under La. R.S. 23:332); Daniels v. Home Depot, Inc., 2002 WL 1398643, *6 (E.D. La.2002) (MJ Wilkinson) (granting summary judgment on plaintiff's race discrimination claim under Title VII and La. R.S. 23:301 et seq. after finding that defendants had proven Faragher/Ellerth defense); see also Sears v. Home Depot, USA, Inc., 943 So.2d 1219, 1233 (La.App. 4th Cir. 2006); Chaney v. Home Depot, USA, Inc., 940 So.2d 18, 23 (La.App. 4th Cir.2006).

Johnson v. Hospital Corp. of America, 767 F. Supp. 2d 678, 717 (W.D. La. 2011).

[11]   Rec. Doc. 79, pp. 4-5.

[12]   Rec. Doc. 72, pp. 3-8.  That analysis is incorporated herein by reference.

**IT IS FURTHER ORDERED** that the remaining portion of H2O's motion for summary judgment is **GRANTED** and that plaintiff's remaining claims against H2O under La. Rev. Stat. Ann. §§ 23:302 and 51:2231 are **DISMISSED WITH PREJUDICE** as barred by the Faragher/Ellerth defense.

New Orleans, Louisiana, this twenty-third day of March, 2012.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**