**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MATTHEW EARLE PROVENSAL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-4276-SS** |
| **MICHAEL JOHN GASPARD, ET AL.** | |

**ORDER AND REASONS**

Plaintiff, Matthew Earle Provensal, filed this civil action against Michael John Gaspard and Hair H2O, Inc. d/b/a H2O Spa and Salon (hereinafter "H2O"). Plaintiff sought relief under Title VII, 42 U.S.C. § 2000e, Louisiana Civil Code articles 2315, 2316, 2317, and 2320, and La. Rev. Stat. Ann. §§ 23:302 and 51:2231. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

On May 23, 2011, the Court dismissed plaintiff's claims against Gaspard for slander and defamation and for relief under Title VII and La. Rev. Stat. Ann. §§ 23:302 and 51:2231. The Court also dismissed plaintiff's claims against H2O for slander, defamation, and religious discrimination.[2] On February 14, 2012, the Court dismissed the claims against both Gaspard and H2O for the intentional infliction of emotional distress, as well as the claims against H2O under Title VII, 42

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 26; Provensal v. Gaspard, Civ. Action No. 10-4276, 2011 WL 2004416 (E.D. La. May 23, 2011).

U.S.C. § 2000e.[3] Then, on March 23, 2012, the Court dismissed plaintiff's claims against H2O under La. Rev. Stat. Ann. §§ 23:302 and 51:2231[4] and entered judgment in favor of the defendants.[5] The Louisiana Fifth Circuit Court of Appeals affirmed that judgment on August 20, 2012.[6]

The defendants have now moved for awards of fees and costs pursuant to 42 U.S.C. § 2000e-5(k), 28 U.S.C. § 1920, and La.Rev.Stat.Ann. § 23:303(B). Specifically, Gaspard seeks fees in the amount of $93,392.50,[7] and H2O seeks fees in the amount of $78,199.50 and costs in the amount of $19,194.24.[8] Plaintiff has opposed those motions.[9]

With respect to fees in a Title VII case, the law provides: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fees) as part of the costs ...." 42 U.S.C. § 2000e-5(k). However, the Court's analysis differs depending on whether the prevailing party was the plaintiff or a defendant.

While a prevailing Title VII plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances, the United States Supreme Court set out a much more rigorous standard for awarding attorney's fees where, as here, the defendants prevailed. See Christiansburg Garment Co.

---

[3] Rec. Doc. 72.

[4] Rec. Doc. 94; Provensal v. Gaspard, Civ. Action No. 10-4276, 2012 WL 1014809 (E.D. La. Mar. 23, 2011).

[5] Rec. Doc. 95.

[6] Provensal v. Gaspard, No. 12-30325, 2012 WL 3564453 (5th Cir. Aug. 20, 2012).

[7] Rec. Doc. 78.

[8] Rec. Docs. 99 and 105.

[9] Rec. Docs. 88 and 100.

v. EEOC, 434 U.S. 412 (1978). Specifically, a district court may award attorney's fees to a prevailing Title VII defendant only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Id. at 421. A suit is frivolous only if it is "so lacking in arguable merit as to be groundless or without foundation." Walker v. City of Bogalusa, 168 F.3d 237, 240 (5th Cir. 1999) (quotation marks omitted). Attorney's fees for a prevailing defendant, thus, is presumptively unavailable unless a showing is made that the underlying suit was "vexatious, frivolous, or otherwise without merit." Dean v. Riser, 240 F.3d 505, 508 (5th Cir. 2001). Further, it is clear that the mere dismissal of a plaintiff's case does not establish that the claim itself was unreasonable, frivolous, or groundless. Id. at 512; see, e.g., Vitale v. Georgia Gulf Corp., 82 Fed. Appx. 873, 2003 WL 22922292 (5th Cir. 2003) (unpublished) (finding that the district court did not abuse its "sound discretion" in denying attorney's fees and holding that the district judge properly granted judgment as a matter of law dismissing plaintiff's ADA claim and denied attorney's fees).

The burden of establishing frivolity is on the defendant who is seeking attorney's fees. Dean, 240 F.3d at 512. "When considering whether a suit is frivolous, a district court should look to factors such as whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court held a full trial." Myers v. City of West Monroe, 211 F.3d 289, 292 (5th Cir. 2000).

Louisiana law similarly allows for the recovery of attorney's fees in employment cases. State law provides: "A plaintiff found by a court to have brought a frivolous claim under this Chapter shall be held liable to the defendant for reasonable damages incurred as a result of the claim,

3

reasonable attorney's fees, and court costs." La.Rev.Stat.Ann. § 23:303(B). Title VII's "frivolousness" analysis is instructive when considering a claim for fees under state law. Dinet v. Hydril Co., Civ. Action No. 05-3778, 2006 WL 3904991, at *3 (E.D. La. Nov. 22, 2006).

In the instant case, the frivolity of plaintiff's federal and state employment claims against H2O is a close call. However, the Court need not reach that issue, because *H2O* is not seeking attorney's fees with respect to those claims; rather, it is seeking fees only for work performed defending against the related and interconnected claims for religious discrimination, slander, defamation, and intentional infliction of emotional distress.[10]

The frivolity of the claims for which attorney's fees are being sought is self-evident. The claims for religious discrimination, slander, and defamation had no colorable basis in fact or law, the claims for intentional infliction of emotional distress were clearly prescribed, and the federal and state employment claims against *Gaspard* were patently meritless because Gaspard was not plaintiff's employer. In that those claims were obviously frivolous, the defendants are entitled to awards of fees incurred in defending against them.

Because the Court has determined that awards of attorney's fees are appropriate, it must next determine the amounts, which is matter subject to the Court's discretion. See Hopwood v. Texas, 236 F.3d 256, 277 (5th Cir. 2000). The calculation of reasonable attorney's fees involves a well-established two-step process. See Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). First, the Court calculates a "lodestar" fee by multiplying the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers. Id. Second, the Court

---

[10] Rec. Doc. 105, p. 2.

considers whether the lodestar should be adjusted upward or downward depending on the circumstances of the case under the Johnson factors. Id.; Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

> The Johnson factors are:
>
> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

Rutherford v. Harris County, Texas, 197 F.3d 173, 192 n.23 (5th Cir. 1999). "[O]f the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." Migis, 135 F.3d at 1047; see also Saizan v. Delta Concrete Products Co., 448 F.3d 795, 800 (5th Cir. 2006). Three of the Johnson factors, complexity of the issues, results obtained, and preclusion of other employment, are presumably fully reflected and subsumed in the lodestar amount. Heidtman v. County of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999). Moreover, after Johnson was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. Walker v. U.S. Department of Housing and Urban Development, 99 F.3d 761, 772 (5th Cir. 1996). The Supreme Court has also noted that "the quality of an attorney's performance generally should not be used to adjust the lodestar because considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate." Perdue v. Kenny A., 130 S.Ct. 1662, 1673 (2010) (quotation marks and brackets omitted). Lastly, the lodestar

is considered to be presumptively reasonable and should be enhanced or reduced only in exceptional cases. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993).

It must also be remembered that the calculation of attorney's fees is often a messy and imprecise endeavor. The United States Supreme Court has noted:

> [T]he determination of fees should not result in a second major litigation. The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award. But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

Fox v. Vice, 131 S.Ct. 2205, 2216 (2011) (citations and quotation marks omitted).

With these general guidelines in mind, the Court finds that the following fees should be awarded.

### I. Gaspard

Because *all* of the claims against Gaspard were frivolous, he is clearly entitled to an award of fees. That said, he is not entitled to an award based on hours claimed: Golden - 148.7 hours; Kopfinger - 77.3 hours; and Fonte - 79.3 hours. Rather, only a fraction of those hours was warranted, in that it should have been apparent early on that the claims against Gaspard were subject to a speedy dismissal on simple grounds. The federal and state employment claims against Gaspard obviously had no merit because he was not plaintiff's employer. Further, the allegations in the complaint were woefully inadequate to state a claim for slander and defamation, and so dismissal of those claims likewise required no great effort. Lastly, the claim for the intentional infliction of emotional distress was clearly prescribed, and therefore it could have been dismissed early in the

litigation on that basis. In fact, all the claims were ultimately dismissed based on Gaspard's relatively elementary and straightforward motions.[11]

Because the legal bases for dismissal were fairly obvious and the determinative facts (i.e. that Gaspard was not the employer and the point at which the actions on which the emotional distress claim ceased) required no extensive discovery to uncover, it was not reasonable for Gaspard's attorneys to devote 305. 3 hours to the defense of the claims. Therefore, a substantial reduction the claimed hours is warranted. The Court finds that a reduction of approximately 65% is appropriate.

Turning to the hourly rates, the rates requested are as follows: Golden - $325.00; Kopfinger - $250.00; and Fonte - $325.00. However, an applicant for attorney's fees bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates in the community for similar services by attorneys of reasonably comparable skills, experience, and reputation. Dinet v. Hydril Co., Civ. Action No. 05-3778, 2006 WL 3904991, at *7 (E.D. La. Nov. 22, 2006). Here, as plaintiff correctly notes, Gaspard has offered nothing whatsoever in support of the rates claimed. That is unacceptable. With no evidence before it showing that Golden, Kopfinger, and Fonte are entitled to "premium" fees based on their particular skills, experience, or reputation, it would be inappropriate to award them more than baseline fees. In the absence of any evidence to the contrary, the Court finds that hourly fees of $175.00 for Golden and Fonte and

---

[11] The motion for summary judgment with respect to claim of intentional infliction of emotional distress was the more complicated of the two motions filed; however, the bulk of that motion was unnecessary because it was primarily devoted to a discussion of the underlying merits of the claim. While that discussion was well-reasoned, it was overkill in light of the fact that the claim was clearly prescribed (as so persuasively argued in less than three pages of the supporting memorandum).

$150.00 for Kopfinger are appropriate. See Dinet, 2006 WL 3904991, at *7 (setting forth a sampling of awarded hourly rates in this district in footnotes 43 and 44).[12]

Accordingly, the lodestar is **$18,030.00**:

| Time Keeper | Rate | Compensable Hours | Total |
|---|---|---|---|
| Golden | $175.00 | 52.00 | $9,100.00 |
| Kopfinger | $150.00 | 27.10 | $4,065.00 |
| Fonte | $175.00 | 27.80 | <u>$4,865.00</u> |
| | | **TOTAL** | **$18,030.00** |

As noted, the lodestar is presumptively reasonable and should be enhanced or reduced only in exceptional cases. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993). After due consideration of the Johnson factors, the Court finds that this is not an exceptional case which warrants further adjustment.

## II. H2O

H2O also seeks an award of fees. Specifically, H2O is seeking an award for work performed in connection with the following: (1) the motion to dismiss; (2) defense against the intentional infliction of emotion distress claim; and (3) the opposition to the motion for reconsideration.[13]

---

[12] The Court expressly notes that it will not entertain a motion for reconsideration on this issue. This defect in Gaspard's motion was expressly noted in the opposition thereto which was filed more than six months ago. Clearly, if Gaspard was inclined to correct the defect, he has had ample time to do so. The time for doing so has now passed.

[13] Rec. Doc. 99-3, p. 4.

A. Motion to Dismiss

Early in the litigation, H2O filed a motion to dismiss which was granted in part and denied in part. Specifically, the motion was granted with respect to the claims of religious discrimination, slander, and defamation; however, the motion was denied with respect to plaintiff's claims for the intentional infliction of emotional distress, as well as his claims under state and federal employment law. Because the motion was granted only in part, H2O correctly notes that the time and fees must be apportioned to reflect that result.

H2O alleges that the following hours were worked in connection with the motion: Stakelum - 26.50; Pannell - 2.10; Corrada - 60.80; and Giammolva - 5.70. However, only a small fraction of the motion was devoted to the religious discrimination, slander, and defamation claims, and those claims required no "heavy lifting." In the motion's supporting memorandum, only approximately two pages were devoted to the religious discrimination claim, and the argument was a simple one (i.e. the religious discrimination claim was barred because it was not mentioned in the EEOC complaint). Similarly, little more than a page was devoted to the slander and defamation claims, and the analysis of those claims was limited to the discussion of a single court decision which simply set forth the claims' elements. Therefore, a substantial reduction in the claimed hours is warranted, and the Court finds that a reduction of approximately 75% is appropriate.

The hourly rates sought are as follows: Stakelum - $325.00; Pannell - $250.00 through January 2011, $275.00 thereafter; Corrada - $190.00; and Giammolva - $100.00. Unlike Gaspard, H2O does make an effort to establish that these requested rates are in line with prevailing market rates in the community for similar services by attorneys of reasonably comparable skills, experience,

and reputation. An affidavit has been provided to show: (1) Stakelum has practiced law for thirty-nine years in complex areas of the law, $325.00 is his standard billing rate on new matters, and in the last three years his billing rate has ranged from a high of $375.00 (on a complex lawsuit) to a low $175.00 (pursuant to the state attorney's fee scheduled for representing a governmental entity); (2) Pannell has practiced law for twenty-five years, has specialized in labor law, and her billing rates for the relevant periods were $250.00 - $275.00; (3) Corrada was an associate with approximately nine-years experience, and her normal billing rate was $190.00; (4) Newbauer is an associate with approximately ten-years experience, and his normal billing rates range from $200.00 - $210.00; and (5) Giammolva is a paralegal with twenty-five years experience, and her normal billing rate for non-governmental matters is $100.00.

Based on its review of the jurisprudence, the Court finds that the requested rates are in some instances in excess of the prevailing market rates for this type of case. Therefore, the Court, in its discretion, finds that the following rates are warranted in this case: Stakelum - $250.00; Pannell - $200.00; Corrada - $150.00; and Giammolva - $100.00. See, e.g., John G. Raymond, Inc. v. Blair, Civ. Action No. 09-5507, 2012 WL 1135778, at *7 (E.D. La. Jan. 10, 2012) ($200.00 - $250.00 per hour for attorneys with decades of experience; $125.00 - $175.00 for associates), adopted, 2012 WL 1135911 (E.D. La. Apr. 4, 2012); Board of Supervisors of Louisiana State University v. Smack Apparel Co., Civ. Action No. 04-1593, 2009 WL 927996, at *5 (E.D. La. Apr. 2, 2009) ($80 per hour for paralegals).

Accordingly, the lodestar is **$4,170.00**:

| Time Keeper | Rate | Compensable Hours | Total |
|---|---|---|---|
| Stakelum | 250.00 | 6.60 | $1,650.00 |
| Pannell | 200.00 | 0.50 | $100.00 |
| Corrada | 150.00 | 15.20 | $2,280.00 |
| Giammolva | 100.00 | 1.40 | $140.00 |
| | | **TOTAL** | **$4,170.00** |

Again, after due consideration of the Johnson factors, the Court finds that this is not an exceptional case which warrants further adjustment of the lodestar.

### B.  Intentional Infliction of Emotional Distress Claims

H2O also seeks substantial fees for the defense against the intentional infliction of emotional distress claim.  Specifically, H2O argues that it should be compensated for the following hours spent defending against this claim:  Stakelum - 85.20; Pannell - 1.80; Corrada - 94.50; Newbauer - 3.80; and Giammolva - 12.70.

However, the bulk of the hours for which fees are sought appears to be related to matters of discovery.  That is problematic for two reasons.  First, apparently only a fraction of that discovery concerned the intentional infliction of emotional distress claim.  Second, that claim was clearly prescribed.  If defendants had sought dismissal of the claim on that basis early in the lawsuit, almost no discovery related to the claim would have been required.  Therefore, much of the work performed was unnecessary under the circumstances.  For those reasons, it is evident that a substantial reduction is in order.

With respect to the hours spent on the motion, that is likewise problematic. First, it appears that the motion was actually prepared by Gaspard's counsel, not H2O's attorneys.[14] Moreover, in any event, the motion was primarily devoted to a discussion the underlying merits of plaintiff's emotional distress claim. As previously noted, that discussion, while well-reasoned, was unnecessary because the claim was clearly prescribed. In light of that fact, as well as the relative simplicity of the prescription issue, an award of fees for the work on the motion must also be substantially reduced.

Based on the foregoing considerations, the Court finds that a reduction of approximately 60% is appropriate.

As to the hourly rates, the Court has previously determined that the appropriate rates are $250.00 for Stakelum, $200.00 for Pannell, $150.00 for Corrada, and $100.00 for Giammolva. Newbauer replaced Corrada, and he is entitled to the same rate the Court approved for her: $150.00.

Accordingly, the lodestar is **$15,060.00**:

| Time Keeper | Rate | Compensable Hours | Total |
| --- | --- | --- | --- |
| Stakelum | 250.00 | 34.10 | $8,525.00 |
| Pannell | 200.00 | 0.70 | $140.00 |
| Corrada | 150.00 | 37.80 | $5,670.00 |
| Newbauer | 150.00 | 1.50 | $225.00 |
| Giammolva | 100.00 | 5.00 | $500.00 |
| | | **TOTAL** | **$15,060.00** |

---

[14] Rec. Doc. 99-3, pp. 45 and 47.

Again, after due consideration of the Johnson factors, the Court finds that this is not an exceptional case which warrants further adjustment of the lodestar.

### C.  Motion for Reconsideration

After the Court dismissed the employment claims, plaintiff filed a patently frivolous motion for reconsideration.  H2O filed an opposition to that motion, and the motion was ultimately denied. H2O seeks attorney's fees for that opposition and alleges that the following hours were spent on the opposition:  Stakelum - 3.5; and Newbauer - 38.00.  Considering the quality of that opposition, the Court finds that no reduction of hours is warranted.  Further, as previously noted, the approved hourly rates are $250.00 for Stakelum and $150.00 for Newbauer.

Accordingly, the lodestar is **$6,575.00**:

| Time Keeper | Rate | Compensable Hours | Total |
|---|---|---|---|
| Stakelum | 250.00 | 3.50 | $875.00 |
| Newbauer | 150.00 | 38.00 | $5,700.00 |
| | | **TOTAL** | **$6,575.00** |

Once again, the Court finds that the Johnson factors do not warrant further adjustment of the lodestar.

### D.  Costs

H2O also seeks the following costs pursuant to 28 U.S.C. § 1920:  (1) the costs incurred in deposing Stone Creek Club & Spa ($657.80), plaintiff ($1,563.40), Angel Michael ($459.95), Gabrielle Izzo-Hansen ($491.20), and Dolly Samuel ($467.65); (2) witness and mileage fees for Michael ($48.21), Izzo-Hansen ($42.23), Stone Creek Club & Spa (78.42), Spa Atlantis ($46.88),

and Dr. Wagner ($95.00); (3) the cost of obtaining plaintiff's payroll records from the Social Security Administration ($40.00). These costs are properly documented and taxable, and therefore they can be recovered.

H2O also seeks to recover its costs for the accounting services of Kushner Lagraize, L.L.C. ($15,203.50). H2O consulted with that accounting firm "to refute Plaintiff's meritless contention that he suffered a loss of pay of the result of the alleged discriminatory acts."[15] However, the Court finds that those costs are not recoverable under 28 U.S.C. § 1920. That statute provides for recovery of only the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The fees paid to Kushner Lagraize, L.L.C., do not fall within any of those categories and will not be awarded.

---

[15] Rec. Doc. 99-2, p. 16.

Accordingly,

**IT IS ORDERED** that Gaspard's motion for attorney's fees, Rec. Doc. 78, is **GRANTED IN PART AND DENIED IN PART**, and that Gaspard is awarded attorney's fees of $18,030.00.

**IT IS FURTHER ORDERED** that H2O's motion for attorney's fees and costs, Rec. Doc. 99, is **GRANTED IN PART AND DENIED IN PART**, and that H2O is awarded attorney's fees of $25,805.00 and costs of $3,990.74.

New Orleans, Louisiana, this twenty-fourth day of September, 2012.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**